## IN THE UNITED STATES FEDERAL COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANUEL DUTRA and<br>DEBRA DUTRA,<br>     Plaintiffs<br><br>v.<br><br>RICHARD ENGERMAN,<br>ILLINOIS TOOL WORKS INC.,<br>INSTRON CORPORATION,<br>DONLEN CORPORATION,<br>DONLEN TRUST,<br>     Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: 19-<br><br>COMPLAINT AND<br>JURY DEMAND |

## COMPLAINT

1.     This is a personal injury action pursuant to Massachusetts State Law. It arises out of, and relates to, a motor vehicle collision which occurred on October 6, 2016 on or near County Street in the City of Attleboro, County of Bristol, in the Commonwealth of Massachusetts. At the time of the collision, Manuel Dutra was operating a motorcycle and Richard Engerman was operating a truck. Mr. Engerman is believed to have been acting in his capacity as a servant, agent and/or employee of Illinois Tool Works Inc., Instron Corporation, Donlen Corporation and/or Donlen Trust. Further, these entities are believed to have owned the truck and negligently entrusted the truck to Mr. Engerman.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, thus satisfying the requirements of complete diversity.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

4.      The Plaintiff, Manuel Dutra, is a resident of the City of Pawtucket, Providence County, in the State of Rhode Island.

5.      The Plaintiff, Debra Dutra, is a resident of the City of Pawtucket, Providence County, in the State of Rhode Island.

6.      The Defendant, Richard Engerman, upon information and belief, is a resident of the Town of Montague, Franklin County, in the Commonwealth of Massachusetts.

7.      The Defendant, Illinois Tool Works Inc., upon information and belief, is a foreign, profit corporation organized and existing under the laws of the State of Delaware which, at all times material hereto, had a principal place of business in the Village of Glenview, Cook County, in the State of Illinois.

8.      The Defendant, Instron Corporation, upon information and belief, is a profit corporation organized and existing under the laws of the Commonwealth of Massachusetts which, at all times material hereto, was a wholly-owned subsidiary / division of Illinois Tool Works Inc., with a principal place of business in the Village of Glenview, Cook County, in the State of Illinois.

9.      The Defendant, Donlen Corporation, upon information and belief, is a foreign, profit corporation organized and existing under the laws of the State of Illinois which, at all times material hereto, had a principal place of business in the Village of Bannockburn, Lake County in the State of Illinois.

10.     The Defendant, Donlen Trust, upon information and belief, is an association and/or trust organized to do business in the State of Illinois which, at all times material hereto, had a principal place of business in the City of Boston, Suffolk County, in the Commonwealth of Massachusetts.

### COUNT I – Richard Engerman

11.    On or about October 6, 2016, the Plaintiff, Manuel Dutra was operating a motor vehicle, specifically a motorcycle, on or near County Street in the City of Attleboro, Massachusetts.

12.    The Plaintiff, Manuel Dutra, was, at all times pertinent to this Complaint, in the exercise of due care.

13.    The Plaintiff, Debra Dutra, was, at all times pertinent to this Complaint, the marital spouse of Plaintiff, Manuel Dutra.

14.    On or about October 6, 2016, the Defendant, Richard Engerman, was operating a motor vehicle, specifically a pick-up truck, on or near County Street in the City of Attleboro, Massachusetts.

15.    The motor vehicle operated by the Defendant, Richard Engerman, was owned by Defendant, Richard Engerman.

16.    On or about October 6, 2016, the Defendant, Richard Engerman, negligently decided to operate said motor vehicle, which caused the Defendant motor vehicle to collide with the vehicle occupied by the Plaintiff.

17.    On or about October 6, 2016, the Defendant, Richard Engerman, operated said motor vehicle in a negligent and/or reckless manner, which negligent and/or reckless operation caused the Defendant motor vehicle to collide with the vehicle occupied by the Plaintiff.

18.    As a direct and proximate result of said negligence and carelessness of the Defendant, Richard Engerman, the Plaintiff, Manuel Dutra, sustained serious injuries to his body, suffered great physical, mental and emotional pain; was prevented from carrying out the duties of his occupation; had loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance, and said Plaintiff was and otherwise is injured.

19.     As a direct and proximate result of said negligence and carelessness of the Defendant, Richard Engerman, the Plaintiff, Debra Dutra, sustained a loss of society, companionship and consortium as the result of the injury to her marital spouse, Manuel Dutra.

20.     As a result of the motor vehicle collision of October 6, 2016, Richard Engerman was cited by the Attleboro Police Department pursuant to Massachusetts General Laws, Chapter 90, Section 14 – Failing to Yield to Oncoming Traffic.

21.     As a result of the motor vehicle collision of October 6, 2016, Richard Engerman paid a citation for Failing to Yield to Oncoming Traffic, pursuant to Massachusetts General Laws, Chapter 90, Section 14.

22.     As a result of the motor vehicle collision of October 6, 2016, Richard Engerman pled guilty to Failing to Yield to Oncoming Traffic, pursuant to Massachusetts General Laws, Chapter 90, Section 14.

**WHEREFORE**, the Plaintiffs, Manuel Dutra and Debra Dutra, demand judgment against the Defendant, Richard Engerman, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

## COUNT II – Illinois Tool Works Inc.

23.     Plaintiffs hereby incorporate and re-allege the above paragraphs.

24.     On or prior to October 6, 2016, the Defendant, Illinois Tool Works Inc. had hired Defendant, Richard Engerman, as an employee.

25.     On or prior to October 6, 2016, the Defendant, Illinois Tool Works Inc. had hired Defendant, Richard Engerman, as a subcontractor.

26.     Defendant, Richard Engerman's, duties as employee and/or subcontractor of Defendant,

Illinois Tool Works Inc., included driving.

27.     It was the duty of the Defendant, Illinois Tool Works Inc., to exercise due care in the background investigation, hiring, training, supervision, assignment and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Richard Engerman, as an employee and/or subcontractor.

28.     On or about October 6, 2016, the Defendant, Illinois Tool Works Inc., was an owner of the motor vehicle being operated by Defendant, Richard Engerman, at the time of the collision with the vehicle occupied by the Plaintiff.

29.     On or about October 6, 2016, the Defendant, Illinois Tool Works Inc., had knowingly and negligently authorized Defendant, Richard Engerman, to operate said vehicle at the time of the collision with the vehicle occupied by the Plaintiff.

30.     Defendant, Richard Engerman, was operating said motor vehicle within the scope of said authorization at the time of the collision with the vehicle occupied by the Plaintiff.

31.     Defendant, Richard Engerman, was operating said motor vehicle within the scope of his employment and/or contract with Illinois Tool Works Inc. at the time of the collision with the vehicle occupied by the Plaintiff.

32.     Defendant, Richard Engerman, was operating said motor vehicle in his capacity as an agent, servant and/or employee of Defendant, Illinois Tool Works Inc. at the time of the collision with the vehicle occupied by the Plaintiff.

33.     As a direct and proximate result of said negligence and carelessness of the Defendant, Illinois Tool Works Inc., the Plaintiff, Manuel Dutra, sustained serious injuries to his body, suffered great physical, mental and emotional pain; was prevented from carrying out the duties of his occupation; had loss of homemaker services; loss of use and value to his personal property;

was obliged to expend monies and will in the future incur expenses for medical care and attendance, and said Plaintiff was and otherwise is injured.

34.     As a direct and proximate result of said negligence and carelessness of the Defendant, Illinois Tool Works Inc., the Plaintiff, Debra Dutra, sustained a loss of society, companionship and consortium as the result of the injury to her marital spouse, Manuel Dutra.

**WHEREFORE**, the Plaintiffs, Manuel Dutra and Debra Dutra, demand judgment against the Defendant, Illinois Tool Works Inc., in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

## COUNT III – Instron Corporation

35.     Plaintiffs hereby incorporate and re-allege the above paragraphs.

36.     On or prior to October 6, 2016, the Defendant, Instron Corporation had hired Defendant, Richard Engerman, as an employee.

37.     On or prior to October 6, 2016, the Defendant, Instron Corporation had hired Defendant, Richard Engerman, as a subcontractor.

38.     Defendant, Richard Engerman's, duties as employee and/or subcontractor of Defendant, Instron Corporation, included driving.

39.     It was the duty of the Defendant, Instron Corporation, to exercise due care in the background investigation, hiring, training, supervision, assignment and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Richard Engerman, as an employee and/or subcontractor.

40.     On or about October 6, 2016, the Defendant, Instron Corporation, was an owner of the

motor vehicle being operated by Defendant, Richard Engerman, at the time of the collision with the vehicle occupied by the Plaintiff.

41.    On or about October 6, 2016, the Defendant, Instron Corporation, had knowingly and negligently authorized Defendant, Richard Engerman, to operate said vehicle at the time of the collision with the vehicle occupied by the Plaintiff.

42.    Defendant, Richard Engerman, was operating said motor vehicle within the scope of said authorization at the time of the collision with the vehicle occupied by the Plaintiff.

43.    Defendant, Richard Engerman, was operating said motor vehicle within the scope of his employment and/or contract with Instron Corporation at the time of the collision with the vehicle occupied by the Plaintiff.

44.    Defendant, Richard Engerman, was operating said motor vehicle in his capacity as an agent, servant and/or employee of Defendant, Instron Corporation at the time of the collision with the vehicle occupied by the Plaintiff.

45.    As a direct and proximate result of said negligence and carelessness of the Defendant, Instron Corporation, the Plaintiff, Manuel Dutra, sustained serious injuries to his body, suffered great physical, mental and emotional pain; was prevented from carrying out the duties of his occupation; had loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance, and said Plaintiff was and otherwise is injured.

46.    As a direct and proximate result of said negligence and carelessness of the Defendant, Instron Corporation, the Plaintiff, Debra Dutra, sustained a loss of society, companionship and consortium as the result of the injury to her marital spouse, Manuel Dutra.

**WHEREFORE**, the Plaintiffs, Manuel Dutra and Debra Dutra, demand judgment against the Defendant, Instron Corporation, in an amount which the Court would deem fair and reasonable

together with interest and the costs of this action.

## COUNT IV – Donlen Corporation

47.     Plaintiffs hereby incorporate and re-allege the above paragraphs.

48.     On or prior to October 6, 2016, the Defendant, Donlen Corporation had hired Defendant, Richard Engerman, as an employee.

49.     On or prior to October 6, 2016, the Defendant, Donlen Corporation had hired Defendant, Richard Engerman, as a subcontractor.

50.     Defendant, Richard Engerman's, duties as employee and/or subcontractor of Defendant, Donlen Corporation, included driving.

51.     It was the duty of the Defendant, Donlen Corporation, to exercise due care in the background investigation, hiring, training, supervision, assignment and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Richard Engerman, as an employee and/or subcontractor.

52.     On or about October 6, 2016, the Defendant, Donlen Corporation, was an owner of the motor vehicle being operated by Defendant, Richard Engerman, at the time of the collision with the vehicle occupied by the Plaintiff.

53.     On or about October 6, 2016, the Defendant, Donlen Corporation, had knowingly and negligently authorized Defendant, Richard Engerman, to operate said vehicle at the time of the collision with the vehicle occupied by the Plaintiff.

54.     Defendant, Richard Engerman, was operating said motor vehicle within the scope of said authorization at the time of the collision with the vehicle occupied by the Plaintiff.

55.     Defendant, Richard Engerman, was operating said motor vehicle within the scope of his employment and/or contract with Donlen Corporation at the time of the collision with the vehicle occupied by the Plaintiff.

56.     Defendant, Richard Engerman, was operating said motor vehicle in his capacity as an agent, servant and/or employee of Defendant, Donlen Corporation at the time of the collision with the vehicle occupied by the Plaintiff.

57.     As a direct and proximate result of said negligence and carelessness of the Defendant, Donlen Corporation, the Plaintiff, Manuel Dutra, sustained serious injuries to his body, suffered great physical, mental and emotional pain; was prevented from carrying out the duties of his occupation; had loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance, and said Plaintiff was and otherwise is injured.

58.     As a direct and proximate result of said negligence and carelessness of the Defendant, Donlen Corporation, the Plaintiff, Debra Dutra, sustained a loss of society, companionship and consortium as the result of the injury to her marital spouse, Manuel Dutra.

**WHEREFORE**, the Plaintiffs, Manuel Dutra and Debra Dutra, demand judgment against the Defendant, Donlen Corporation, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

## COUNT V – Donlen Trust

59.     Plaintiffs hereby incorporate and re-allege the above paragraphs.

60.     On or prior to October 6, 2016, the Defendant, Donlen Trust had hired Defendant, Richard Engerman, as an employee.

61.     On or prior to October 6, 2016, the Defendant, Donlen Trust had hired Defendant, Richard Engerman, as a subcontractor.

62.    Defendant, Richard Engerman's, duties as employee and/or subcontractor of Defendant, Donlen Trust, included driving.

63.    It was the duty of the Defendant, Donlen Trust, to exercise due care in the background investigation, hiring, training, supervision, assignment and retention of its employees and/or subcontractors, but regardless of the Defendant's duty, it negligently investigated, hired, trained, supervised, assigned and/or retained Defendant, Richard Engerman, as an employee and/or subcontractor.

64.    On or about October 6, 2016, the Defendant, Donlen Trust, was an owner of the motor vehicle being operated by Defendant, Richard Engerman, at the time of the collision with the vehicle occupied by the Plaintiff.

65.    On or about October 6, 2016, the Defendant, Donlen Trust, had knowingly and negligently authorized Defendant, Richard Engerman, to operate said vehicle at the time of the collision with the vehicle occupied by the Plaintiff.

66.    Defendant, Richard Engerman, was operating said motor vehicle within the scope of said authorization at the time of the collision with the vehicle occupied by the Plaintiff.

67.    Defendant, Richard Engerman, was operating said motor vehicle within the scope of his employment and/or contract with Donlen Trust at the time of the collision with the vehicle occupied by the Plaintiff.

68.    Defendant, Richard Engerman, was operating said motor vehicle in his capacity as an agent, servant and/or employee of Defendant, Donlen Trust at the time of the collision with the vehicle occupied by the Plaintiff.

69.    As a direct and proximate result of said negligence and carelessness of the Defendant, Donlen Trust, the Plaintiff, Manuel Dutra, sustained serious injuries to his body, suffered great

physical, mental and emotional pain; was prevented from carrying out the duties of his occupation; had loss of homemaker services; loss of use and value to his personal property; was obliged to expend monies and will in the future incur expenses for medical care and attendance, and said Plaintiff was and otherwise is injured.

70.     As a direct and proximate result of said negligence and carelessness of the Defendant, Donlen Trust, the Plaintiff, Debra Dutra, sustained a loss of society, companionship and consortium as the result of the injury to her marital spouse, Manuel Dutra.

**WHEREFORE**, the Plaintiffs, Manuel Dutra and Debra Dutra, demand judgment against the Defendant, Donlen Trust, in an amount which the Court would deem fair and reasonable together with interest and the costs of this action.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

Ryan P. Kelley, Esq. (#671883)
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
Tel: (401) 274-7400
Fax: (401) 274-7404
E-mail: rkelley@m-n-law.com

## A TRIAL BY JURY IS DEMANDED UPON ALL ISSUES